PLAGE R, Circuit Judge,
eoncurring-inpart and dissenting-in-part.
In response to the petition for panel rehearing, the majority, though denying the request for rehearing, has issued an addition to the opinion in the case.[1] The addition confirms that the fee-shifting statute is intended “to permit people with small takings claims to vindicate their rights with the assistance of competent counsel,” and notes that in determining reasonableness of the attorney award courts should take into account that “litigation of these types of disputes serves a greater purpose (vindicating constitutionally protected property rights).” Op. at 1296. Exactly so.
The addition then goes on to instruct that “ ‘a district court is not free to mechanically adjust the lodestar figure downward based on [the amount involved and results obtained].’ ” Id. (citation omitted). That of course was the error in the district court’s original 50% reduction of its lodestar award, an error that this court corrected on appeal. Nor can “a district court ... reduce the number of hours expended or the hourly rate in calculating the lodestar figure using such a mechanical approach.” Id. (citation omitted). Again, exactly so.
The addition then concludes with the following sentence: “Nonetheless, the ‘amount involved and results obtained’ is a factor to be considered in the reasonableness analysis.” Id. If by this the majority means that a district court should evaluate “the reasonableness of the attorney’s expenditure of time in responding to the particular circumstances” of her case (see the parenthetical quote from the 2d Circuit, id. at 1295-96), that seems inherently sensible. If the nature of the case hardly warrants the elaborate time and effort allegedly spent by the plaintiffs attorney, that suggests the attorney is either padding the bill or was not competent to handle the case in the first place. Even if the Government lost the ease, it should not be stuck with an excessive or unjustified award for the winning attorney.
Here, there is no indication that the winning attorneys were anything but competent; indeed, the evidence is that they *1297 were chosen for their particular competence in this type of case. The trial judge expressly determined that under the circumstances of this case both the hours claimed and the attorneys’ rate were reasonable, a determination that by definition incorporates this factor of “amount involved and results obtained.” The case was complex and involved many small property claims consolidated into one case. The panel’s addition to the opinion confirms my view that no remand is called for and, while I agree with what is said here as I understand it, I continue to dissent from the original panel opinion ordering a remand, as well as from the overturning of the trial court’s reasoned determination regarding the relevant market for pricing the attorneys’ services.

. This could also be considered a grant of the petition for the limited purpose of clarifying the opinion.